```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

RANDY LEE MORIN,

                Petitioner,

v.                                Case No. 3:12-cv-137-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

_____

## ORDER

### I. Status

Petitioner Randy Lee Morin initiated this action on February 6, 2012,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Morin challenges a 2006 state court (Putnam County, Florida) judgment of conviction for DUI manslaughter (two counts) and driving while license suspended or revoked causing serious bodily injury or death. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition (Response; Doc. 9)

---

[1] Morin filed the Petition in this Court on February 8, 2012; however, giving Morin the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Morin handed it to the prison authorities for mailing to this Court (February 6, 2012). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Morin the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

with exhibits (Resp. Ex.). On May 17, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 7), admonishing Morin regarding his obligations and giving Morin a time frame in which to submit a reply. Morin submitted a brief in reply. <u>See</u> Petitioner's Traverse to the Respondents' Answer Brief on Petition for Writ of Habeas Corpus (Reply; Doc. 11) with exhibits (Pet. Ex.). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>            made retroactively applicable to
>            cases on collateral review; or
>
>            (D) the date on which the factual
>            predicate of the claim or claims
>            presented could have been discovered
>            through the exercise of due
>            diligence.
>
>       (2) The time during which a properly filed
>       application for State post-conviction or other
>       collateral review with respect to the
>       pertinent judgment or claim is pending shall
>       not be counted toward any period of limitation
>       under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for Morin's claims.

Respondents contend that Morin has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. In January 2005, the State of Florida charged Morin with two counts of DUI manslaughter and driving while license suspended or revoked causing serious bodily injury or death (count three) in Case No. 2005-19. Response at 1; Resp. Exs. A; B at 15. On May 24, 2006, in Case No. 2005-19, Morin plead nolo contendere to two counts of DUI manslaughter and one count of driving while license suspended or revoked causing serious bodily injury or death. Resp. Ex. B. On June 26, 2006, the court sentenced Morin to a term of twenty-two years of incarceration for DUI manslaughter (count one); a term of twenty-two years of incarceration for DUI

manslaughter (count two), to run concurrently with count one; and a term of twenty-two years of incarceration for count three, to run concurrently with count one. Resp. Ex. C. Morin did not appeal the judgment and sentence. Thus, his conviction became final thirty days later on Wednesday, July 26, 2006. See Fla. R. App. P. 9.140(b)(3); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Because Morin's conviction was after April 24, 1996, the effective date of the AEDPA, Morin had one year from the date his conviction became final to file the federal petition (July 26, 2007). His Petition, filed on February 6, 2012, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

On September 13, 2007 (forty-nine days after the limitations period expired), Morin filed a pro se motion for post conviction relief pursuant to the mailbox rule. Resp. Ex. D. With the limitations period having expired on July 26, 2007, none of Morin's motions filed after July 26, 2007,[2] could toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating

---

[2] See Response at 2-4.

that, where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Given the record, Morin's February 6, 2012 Petition is untimely filed, and due to be dismissed unless Morin can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157-58 (11th Cir. 2014). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted). The burden is on Morin to make a showing of extraordinary circumstances that are both beyond his

control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

In the instant action, Morin asserts that "the professional misconduct of Mr. William M. Kent, as retained legal counsel, provides excusable neglect and satisfies the provisions of equitable tolling in habeas proceedings." Reply at 8. The following facts are relevant to the equitable tolling issue. On January 9, 2007, Morin's father retained Mr. Kent "to investigate, prepare and submit a state motion for post-conviction relief under Florida Rule[] of Criminal Procedure 3.850." Petition at 8, paragraph 18; Reply at 6; Pet. Ex. 1. In response to Morin's August 2007 Florida Bar complaint, Mr. Kent explained what had transpired:

> I was retained to review Morin's case for purposes of filing a state 3.850 motion. I provided an opinion letter to Mr. Morin that determined that his state 3.850 motion would have to be filed by August 1, 2007 in order to toll the federal habeas deadline and preserve his right to subsequently file a federal habeas (2254 petition). I promised to see that his 3.850 motion was filed by that deadline. That August 1, 2007 date was mistakenly calendared as October 1, 2007 on both calendars of my office dual calendar system. The calendar mistake was not discovered until August 9, 2007, eight days after that deadline. I immediately disclosed the mistake to the client.
>
> The very next day, August 10, 2007 I advised his father, who had paid my fee, of the mistake . . . .

6

> . . . .
>
> In this case I made a mistake. I placed the calendar entry on the first of October when it should have been placed on the first of August. I take full responsibility for that mistake. It was a clerical mistake, not a mistake of legal judgment or lack of professionalism. It is not representative or indicative of any negligence in my practice of law or calendar management. I immediately disclosed the mistake to the client and his father who had paid me my retainer. I immediately offered to and in fact did fully refund the entire fee I had been paid to review this case. Also, and perhaps most important from my point of view, I sincerely apologized to the client and his father. I tried to deal with this mistake in the most professional manner I could.

Pet. Ex. 2, William Mallory Kent's Letter to the Florida Bar, dated September 7, 2007, at 1, 5; see Pet. Ex. 3. The records of the Florida Bar reflect that Mr. Kent has no record of discipline for the last ten years. See http://www.floridabar.org.

Determining when attorney misconduct qualifies as an extraordinary circumstance "is a work in progress." Cadet, 742 F.3d at 475. In Holland, the United States Supreme Court stated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," but "far more serious instances of attorney misconduct" might. Holland, 560 U.S. at 651–52 (quotation marks and citations omitted). Almost two years after Holland, the Court revisited the issue of when attorney misconduct rises to the level of extraordinary circumstances beyond a petitioner's control,

albeit in the context of establishing cause to excuse a procedural bar to federal habeas relief. See Maples v. Thomas, 132 S.Ct. 912 (2012). The Court reaffirmed the longstanding rule that "under 'well-settled principles of agency law,'" a habeas petitioner "bears the risk of negligent conduct on the part of his [attorney]" and, therefore, is bound by the attorney's failure to meet a deadline. Id. at 922 (quoting Coleman, 501 U.S. 722, 753-54 (1991)). "A markedly different situation is presented, however, when an attorney abandons his client without notice, and thereby occasions the default." Id. Because the principal-agent relationship is severed, the attorney's acts or omissions cannot be attributed to the client. Id. at 922-23.

In early 2014, in Cadet, the Eleventh Circuit "determine[d] the current test for equitable tolling of the § 2244(d) statute of limitations period." Cadet, 742 F.3d at 475. The Court agreed the petitioner had acted diligently and assumed his post-conviction counsel was grossly negligent. Thus, the "resulting question" was "whether attorney error that amounts to gross negligence is a sufficiently extraordinary circumstance for equitable tolling purposes, as the majority opinion in Holland seems to suggest, or whether the attorney's conduct must amount to an abandonment of the attorney-client relationship, as Maples does state." Id. at 480. Interpreting Holland, in light of the Supreme Court's Maples decision, the Court held that "attorney negligence, however gross

or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship ... is required." Id. at 481.

Mr. Kent's miscalculation and miscalendaring of the filing deadline, however harmful to Morin's interests, did not occur because Mr. Kent was acting to promote his own or a third party's interests at the expense of Morin's interests. For attorney misconduct to amount to an extraordinary circumstance, there must be an "absolute renunciation or withdrawal, or a complete rejection or desertion of one's responsibilities, a walking away from a relationship." Id. at 484 (citing Black's Law Dictionary 2 (6th ed. 1990)). Here, Mr. Kent did not withdraw from representing Morin, renounce his role as Morin's attorney, "utterly shirk all of his professional responsibilities," id., or walk away from their attorney-client relationship, see Pet. Ex. 2 at 2-4. As soon as Mr. Kent discovered his mistake, he notified Morin and his father, and offered to return the retainer fee. See Pet. Exs. 2; 3. Thus, Mr. Kent's mistake "is the kind of attorney error regarding the § 2244(d) statute of limitations provisions that the Supreme Court, [the Eleventh Circuit], and other courts have held do not qualify as an extraordinary circumstance warranting equitable tolling. See Cadet, 742 F.3d at 485 (citations omitted). Because Morin was not abandoned by Mr. Kent, Morin has failed to establish the extraordinary circumstances necessary to warrant equitable tolling

9

of the § 2244(d) limitations period. Morin has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d) as time-barred.

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Morin seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Morin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has

rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   If Morin appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of November, 2014.

MARCIA MORALES HOWARD
United States District Judge

sc 11/6
c:
Randy Lee Morin
Ass't Attorney General (Matthews)